UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES R. YOUNG

      Plaintiff,

v.                                      Case No: 5:13-cv-609-Oc-29PRL

THE UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, MS. STORY, Medical Specialist, MS. SMITH, Psychology, R. CARVER, M.D., J. CACHO, MLP, LT. RAMOS, and OFFICER TRIMBLE,

      Defendants.

_____

**OPINION AND ORDER**

Plaintiff, James R. Young ("Plaintiff"), a federal prisoner, has submitted this *pro se* action, seeking relief under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671-80 ("FTCA"). Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 2, filed December 11, 2013). The matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

    **I.**    **Legal Standards**

        ***a.***    ***Standard of review under 28 U.S.C. § 1915A***

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an

entity, to determine whether the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably merit less," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, 556 U.S. 662, 684 (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted);

Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

### b. Causes of action under Bivens

To state a claim for relief under Bivens v. Six Unknown Fed. Narcotics Agents, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283–84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support alleged constitutional violation); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into Bivens actions").

### c. Causes of action under the Federal Tort Claims Act ("FTCA")

"It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of this sovereign immunity, "making

the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)). FTCA liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The United States is the only permissible defendant in an FTCA action. See 28 U.S.C. § 2679(b)(1) (stating that the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); United States v. Smith, 499 U.S. 160, 166–67 & n.9 (1991) (noting that § 2679(b)(2) provides two exceptions to the exclusive remedy provision, allowing injured plaintiffs to obtain "remedy for torts committed by government employees in the scope of their employment" under Bivens or "under a federal statute that authorizes recovery against a Government employee"). Therefore, a plaintiff may proceed against the United States, as the sole permissible defendant under the FTCA, and against a federal employee, under Bivens, and he may do so in the same civil action. See Denson v. United States, 574 F.3d 1318, 1336 (11th Cir. 2009) (noting that, "[a]s co-extensive

causes of action, Bivens and FTCA claims necessarily arise from the same wrongful acts or omissions of a government official[,]" and analyzing viability of both sets of claims) (quoting Carlson v. Green, 446 U.S. 14, 20 (1980), for proposition that "plaintiffs, '[i]n the absence of a contrary expression from Congress, . . . shall have an action under FTCA against the United States as well as a Bivens action against the individual officials alleged to have infringed their constitutional rights'").

A district court may not entertain an FTCA action "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing," although an agency's failure to make final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim. 28 U.S.C. § 2675(a). The claim must be presented to the agency within two years of its date of accrual and to the district court within six months of the agency's mailing the notice of final denial of the claim. 28 U.S.C. § 2401(b).

## II. Complaint

Plaintiff alleges that on August 16, 2012, he was kicked in the forehead by fellow inmate Wade Walters and received a lump on the head as a result (Doc. 1 at 9). The physical contact with Walters was not the result of an altercation; rather Walters was sleeping,

and Plaintiff was kicked when he went to check on Walters because it sounded as if he was choking. Id.

Plaintiff asserts that Walters was prone to "violent, incoherent fits during his sleep" and, five days before Plaintiff was kicked, the psychology department had increased the medication dosage for Walters to aid with the fits (Doc. 1 at 9). Plaintiff asserts that he spoke with Defendant Trimble and Defendant Ramos prior to the incident, but all of his requests to have Walters moved to a separate cell were denied (Doc. 1 at 10). Plaintiff told Defendant Smith from psychology that Walters needed to be moved and she told Plaintiff that Walters' medication dosage was being increased to assist with his "personal fits and hearing voices," but that he would not be moved, and she refused to make a request on Plaintiff's behalf. Id.

On October 16, 2012, Plaintiff was examined by Defendant Medical Specialist Story (Doc. 1 at 10). Plaintiff told Defendant Story that the lump on his head was painful and that it caused him headaches. Id. Plaintiff requested that he see a specialist and have a CT scan done to check for internal damage. Id. Even though Defendant Story told Plaintiff that he would be seen again, he was not seen by the medical department until he was released from SHU and submitted a sick call request. Id.

Plaintiff was examined by Defendant Cacho who authorized that Plaintiff receive pain medication but did not suggest that anything

further be done to actually treat his injury (Doc. 1 at 10). Following Plaintiff's release from SHU, he spoke with Defendant Carver and was told that he would be seen by a specialist, but Plaintiff has not yet seen a specialist or been offered any treatment. Id.

As a result of the kick by Walters and the denial of treatment for the resulting damage, Plaintiff alleges that he "has been damaged physically and emotionally" and seeks monetary damages and punitive damages (Doc. 1 at 11).

**III. Discussion**

    ***a.   Bivens claims***

In order to prevail under Bivens v. Six Unknown Fed. Narcotics Agents, Plaintiff must show that the individual defendants were deliberately indifferent to his safety and security at FCI-Coleman. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994).  However, not every instance of inmate on inmate violence "translates into a constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A violation occurs "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." Marsh v. Butler County, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc) (internal quotations omitted). "Merely negligent failure to protect an inmate from attack does not

justify liability under section 1983. . . . The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted). Moreover, to be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, **and he must also draw the inference**." Farmer, 511 U.S. at 837 (emphasis added).

By Plaintiff's own admission, the medical department was attempting to control Walter's seizures by adjusting his medication, and Defendant Smith, upon being advised of Plaintiff's concerns, stated that Walter's "medications were being increased to assist with his personal fits and hearing voices[.]" (Doc. 1 at 10). Plaintiff has alleged no facts from which it can be inferred that any defendant was subjectively aware that Walters' seizures posed a substantial risk of serious harm to Plaintiff.  At most, the failure of prison officials to separate Plaintiff and Walters constituted negligence which is insufficient to maintain a Bivens cause of action.  See Whitley v. Albers, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]").  Because Plaintiff has stated no Bivens claim for deliberate indifference in regards to the prison officials'

decision to house Plaintiff with Walters, the claims against individual defendants Ramos, Trimble, and Smith are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The only remaining constitutional claims are those arising from the allegedly insufficient medical care provided by defendants Story, Cacho, and Carver. Specifically, Plaintiff asserts that these defendants refused to refer Plaintiff to a specialist and that Plaintiff has not "been given or offered any form of treatment." (Doc. 1 at 10).[1] These claims are also dismissed for failure to state a claim upon which relief can be granted.

In Estelle v. Gamble, the United States Supreme Court described the boundary between medical malpractice and constitutional claims alleging cruel and unusual punishment:

> [I]n the medical context. An inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can

---

[1] Contrary to Plaintiff's assertions that he has not been offered any sort of treatment, he does state that he was given pain medication by Defendant Cacho (Doc. 1 at 10).

- 9 -

> offend evolving standards of decency in violation of the Eighth Amendment.

429 U.S. 97, 106 (1976) (internal quotation marks omitted). To state a claim of deliberate indifference, a plaintiff must allege: (1) a serious medical need; (2) deliberate indifference to that need by the defendants; and (3) causation between the defendants' indifference and the plaintiff's injury. Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010).

Thus, on the most general level, deliberate indifference is medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness[.]" Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986). Accordingly, a "simple difference in medical opinion" does not constitute deliberate indifference. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

The seriousness of a medical need is an objective inquiry. Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition. In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm.

Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (citations omitted) (internal quotation marks omitted). In the

instant case, Plaintiff alleges that he was inadvertently kicked in the head when his cellmate had a seizure. Such an injury is not a *per se* serious injury. However, Plaintiff does assert that he sought, and received medical treatment for his head wound, albeit two months after the injury occurred. Accordingly, for § 1915A purposes only, Plaintiff has sufficiently alleged a serious medical need sufficient to satisfy the objective element of the analysis.

The next step requires a consideration of the subjective component: whether the defendants were deliberately indifferent to that serious medical need. In evaluating claims of deliberate indifference, the Eleventh Circuit has considered: (1) indifference by prison doctors in their response to the prisoner's needs; (2) prison guards intentionally denying or delaying access to medical care; and (3) interference with treatment once prescribed. See Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007).

Plaintiff does not specifically allege that any defendant was deliberately indifferent to his serious medical need. However, even if this Court liberally construes Plaintiff's complaint as making such an allegation, the complaint raises an issue of, at most, negligence. The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere

negligence." "[A]n official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997). Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). For example, a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11th Cir. 1986) (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985)).

Plaintiff has not stated that any medical defendant was subjectively aware of any serious medical need regarding the contusion on his head. Plaintiff has provided no dates on which treatment was requested, promised, or provided so as the Court can make a determination if there actually was a delay in Plaintiff's treatment. Plaintiff has not stated that any delay worsened his condition. A mere difference of opinion between an inmate and the prison medical staff concerning his diagnosis and course of treatment does not rise to the level of a constitutional deprivation; nor does

a difference of opinion among medical personal over questions of treatment give rise to a constitutional claim. Estelle, 429 U.S. at 107 (holding that matters of "medical judgment" do not give rise to a constitutional claim; and upon reinstating a district Court's dismissal of a complaint which alleged that more should have been done to diagnose and treat a back injury, the Court stated that "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice.").

Accordingly, the deliberate indifference claims against defendants Story, Cacho, and Carver are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

### b. FTCA Claims[2]

As noted above, the FTCA provides a "limited waiver" of the United States' sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

---

[2] It is unclear as to whether Plaintiff has satisfied the administrative prerequisites to filing this FTCA action. Although he has attached certain grievances and responses that relate to the events underlying this claim (Doc. 1 at 13-19), the Court cannot ascertain from these documents whether these documents satisfy the requirements under 28 U.S.C. § 2675(a) for filing an FTCA act. However, for the purposes of this § 1915A review only, the Court will assume that Plaintiff complied with all prerequisites to filing.

Government while acting within the scope of his office or employment.'" <u>JBP Acquisitions, L.P.</u>, 224 F.3d at 1263 (quoting 28 U.S.C. § 1346(b)(1)).

However, the discretionary function exception to the FTCA's limited waiver of liability provides that 28 U.S.C. § 1346 does not apply to a claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "[T]he purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort[.  Therefore,] when properly construed, the exception protects . . . governmental actions and decisions based on considerations of public policy." <u>United States v. Gaubert</u>, 499 U.S. 315, 323 (1991) (internal quotations omitted).

A two-part test is used to determine whether the United States is immune from liability under the discretionary function exception: (1) "whether the [federal employee's] conduct involves an element of judgment or choice, which will be the case unless a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard"; and (2) "whether the judgment or choice is grounded in considerations of public policy," an inquiry that focuses not "on whether the agent

actually weighed policy considerations, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Nguyen v. United States, 556 F.3d 1244, 1250 n.2 (11th Cir.2009) (citing Gaubert). In short, if a federal employee's choice is not prohibited by a federal statute, regulation, or policy, and is grounded in considerations of public policy, that policy choice is excepted from the FTCA's limited waiver of sovereign immunity because it constitutes a discretionary function.

The Eleventh Circuit's decision in Cohen v. United States is instructive. 151 F.3d 1338, 1339 (11th Cir. 1999).  In Cohen, a federal prisoner who was injured when he was attacked by another prisoner sued the United States under the FTCA asserting that the Bureau of Prisons had negligently assigned his attacker to a minimum security prison.  The Eleventh Circuit "conclude[d] that the BOP's actions in classifying prisoners and placing them in institutions involve conduct or decisions that meet both prerequisites for application of the discretionary function exception." Id. at 1344. The court stated:

> Where Congress has granted an agency discretion in implementing a regulatory statute, the agency's promulgation of regulations or guidelines describing how it will use that discretion is protected by the discretionary function exception. Furthermore, if the regulation or guideline mandates particular conduct, and the [agency's] employee obeys the direction, the Government will be protected [by the discretionary function exception] because the action will be deemed in furtherance of the policies which led to the promulgation of the

regulation [or guideline]. On the other hand, if the employee violates the mandatory regulation [or guideline], there will be no shelter from liability because there is no room for choice and the action will be contrary to policy.

Id. at 1334–45 (citations and internal quotations omitted) (reversing district court's grant of relief under FTCA because that court erred in concluding that "BOP personnel failed to follow the guidelines in [BOP's controlling] Program Statement when they filled out . . . security designation form" for prisoner who attacked appellant). Under Cohen and Nguyen, an issue of fact remains as to whether personnel at FCI - Coleman violated a mandatory BOP regulation, guideline, or policy when they placed Plaintiff and Walters in the same cell.[3]

The Court is unable to conclude at this time that Plaintiff has not alleged a viable FTCA cause of action arising from the circumstances surrounding his alleged head injury. Accordingly, Plaintiff's FTCA claims against the United States will be allowed to proceed. However, because only the United States is a permissible defendant in an FTCA claim, the Department of Justice and the Federal Bureau of Prisons are dismissed as defendants from this action.

---

[3] 18 U.S.C. § 4042(A)(2)-(3) requires the Bureau of Prisons to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States" and to "provide for the protection . . . of all [such] persons."

**IV. Conclusion**

Because Plaintiff has failed to state a viable cause of action under Bivens, all of the individual defendants are dismissed from this case. Should the facts of this case support such claims, Plaintiff may, within twenty-one days from the date on this Order, file an amended complaint raising Bivens claims against Defendants Story, Cacho, and Carver regarding these defendants' allegedly unconstitutional actions in the provision of Plaintiff's medical care. If Plaintiff chooses to amend his complaint, he must clearly describe how each named defendant is involved in the alleged constitutional violation. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint. After completing the new form, Plaintiff should mail it to the Court with a copy for each defendant. If Plaintiff chooses not to amend his complaint, this case will proceed on the remaining claims in Plaintiff's original complaint against the United States.

The Court defers ruling on Plaintiff's motion to proceed *in forma pauperis* until Plaintiff returns a completed and signed Prisoner Consent Form to the Court. Plaintiff shall complete and return the form attached to this Order within twenty-one days from

the date on this Order.  Failure to return the form within this time period will result in the dismissal of this case without further notice.

ACCORDINGLY, it is hereby **ORDERED:**

1.   All claims against The United States Department of Justice, The Federal Bureau of Prisons, Officer Trimble, Ms. Smith, and Lt. Ramos are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).  The **Clerk of Court** is directed to terminate these Defendants and to enter judgment in their favor;

2.   All claims against defendants Story, Cacho, and Carver are dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).  If the facts support such claims, Plaintiff may submit an amended complaint stating claims against Defendants Story, Cacho, and Carver regarding the alleged delays in providing medical care.  If Plaintiff does not file an amended complaint within twenty-one days, the Court will issue a separate order directing the Clerk of Court to terminate these defendants from this action and to enter judgment in their favor;

3.   Plaintiff's motion to proceed *in forma pauperis* is **DEFERRED** until Plaintiff submits a fully completed and signed Prisoner Consent Form.  Failure to return the form within twenty-one days from the date on this Order may result in the dismissal of this case without further notice; and

4. The **Clerk of Court** is directed to attach a Prisoner Consent Form and a blank civil rights complaint form to this Order.

**DONE** and **ORDERED** in Ocala, Florida on this ___19th___ day of December, 2013.

                                                  _____
                                                  JOHN E. STEELE
                                                  UNITED STATES DISTRICT JUDGE


SA: OrlP-4  12/19/13
Copies: James R. Young
Encl:  Prisoner Consent Form, Civil Rights Complaint Form