UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES R. YOUNG,

      Plaintiff,

v.                          Case No: 5:13-cv-609-Oc-29PRL

THE   UNITED   STATES   OF
AMERICA, MS. STORY, Medical
Specialist, R. CARVER, M.D.,
and J. CACHO, MLP,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on the following:

> The Motion to Dismiss filed by Defendants
> United States of America, Michelle Story,
> Robert Carver, and Jamie Cacho (collectively,
> "Defendants")(Doc. 43, filed October 24,
> 2014); and
>
> Plaintiff's Response to the Motion to Dismiss
> (Doc. 51, filed November 20, 2014).

For the reasons set forth in this Order, Defendants' motion

to dismiss is granted in part and denied in part.  Defendants

shall have twenty days in which to file an answer to Plaintiff's

second amended complaint.

## I.   Background and Procedural History

Plaintiff, a federal prisoner at the Coleman Medium Federal

Correctional Institution in Coleman, Florida, initiated this

action by filing a complaint against the United States of America,

the United States Department of Justice, the Federal Bureau of

Prisons, Medical Specialist Michelle Story, Psychologist Smith, Doctor Robert Carver, MLP Jamie Cacho, Lieutenant Ramos, and Officer Trimble (Doc. 1, filed December 11, 2013). Plaintiff raised claims pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq*.

On December 19, 2013, this Court conducted a detailed initial screening of the complaint pursuant to 28 U.S.C. § 1915A (Doc. 6). The Court concluded that Plaintiff had not stated a viable Bivens claim against any of the named defendants. Id. at 7-13. However, Plaintiff was given leave to file an amended complaint raising Bivens claims against medical defendants Story, Cacho, and Carver due to their alleged failure to treat Plaintiff's head trauma and to provide adequate pain medication. Id. at 17. The Court also concluded that an issue of fact remained as to whether personnel at the prison had violated a mandatory BOP regulation, guideline, or policy when they placed Plaintiff and another inmate in the same cell. Id. at 16. Accordingly, Plaintiff's FTCA claims were allowed to proceed. Id.

Plaintiff filed an amended and a second amended complaint (Doc. 10; Doc. 19). On October 24, 2014, Defendants filed a motion to dismiss the second amended complaint (Doc. 43). In the motion, Defendants assert that Plaintiff's Bivens claims should be dismissed because Defendants Story, Carver, and Cacho have

qualified immunity, and because the claims are based solely upon conclusory statements (Doc. 43 at 5-10).  Defendants urge that all of Plaintiff's FTCA claims are barred due to his failure to pursue his administrative remedies and because he does not allege facts sufficient to support the claims. Id. at 11-14.

In response, Plaintiff urges that he has exhausted all of his FTCA claims and that the defendants "have only presented a bare bones position in their filed motion to dismiss in this case." (Doc. 51 at 5).

## II. **Complaint**

In his second amended complaint, Plaintiff alleges that on August 16, 2012, he was accidentally kicked by fellow inmate Wade Walters ("Walters"), resulting in a painful lump on Plaintiff's forehead (Doc. 19 at 9).  The physical contact with Walters was not the result of an altercation; rather Walters was sleeping, and Plaintiff was kicked when he checked on Walters because it sounded as if he was choking. Id.  Earlier in the evening, Walters had needed to be restrained by prison staff. Id.

Plaintiff asserts that Walters was prone to "violent, incoherent fits during his sleep" and, five days before Plaintiff was kicked, the psychology department had increased Walters' medication dosage to aid with the fits (Doc. 19 at 9). Plaintiff spoke with prison staff members Trimble and Ramos prior to the incident, but all of his requests to have Walters moved to a

separate cell were denied. Id.  Plaintiff told Staff Psychologist Smith that Walters needed to be moved and she told Plaintiff that Walters' medication dosage was being increased to assist with his "personal fits and hearing voices," but that he would not be moved, and she refused to make a request on Plaintiff's behalf. Id.

On October 16, 2012, two months after he was kicked, Plaintiff was examined by Defendant Medical Specialist Story (Doc. 19 at 9). Plaintiff told Defendant Story that the lump on his head was sore to the touch and that it caused him headaches.   Id. at 10. Plaintiff requested that he see a specialist and have a CT scan done to check for internal damage.  Id.  Even though Defendant Story told Plaintiff that he would be seen again, he was not seen by the medical department until he was released from SHU and submitted a sick call request. Id.   Defendant Story did not prescribe pain medication to Plaintiff. Id.

On September 19, 2012, Plaintiff was examined by Defendant Cacho who authorized that Plaintiff receive pain medication but did not suggest that anything further be done to actually treat his contusion or to see if Plaintiff had suffered an internal brain injury (Doc. 19 at 10).[1]  The pain medication was ultimately discontinued after a year. Id.

---

[1] Plaintiff claims that he was examined by Defendant Cacho on September 9, 2012 (Doc. 19 at 10).  This would have been *prior* to Defendant Story's October 16, 2012 examination.  Plaintiff does not explain why Defendant Story should have prescribed him

Following Plaintiff's release from SHU, he was examined by Defendant Carver on several occasions and was told that he would be seen by a specialist (Doc. 19 at 11). Plaintiff did see a specialist to address other injuries he received when he slipped and fell in the shower, but the therapist did not address or treat Plaintiff's head lump. Id. Defendant Carver also prescribed pain medication for Plaintiff which was ultimately discontinued.

Because of the kick by Walters and the denial of treatment for the resulting lump, Plaintiff alleges that he has "constant, severe headaches with the contusion still on his forehead." (Doc. 19 at 12). Plaintiff seeks compensatory and punitive damages. Id. at 13.

## III. Legal Standards

### A. Standard of Review for Motions to Dismiss

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences

---

additional pain medication given that Defendant Cacho had already done so.

therefrom are taken as true.").   However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).   Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v. Twombly, illustrated a two-pronged approach to motions to dismiss. First, a reviewing court must determine whether a Plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth.   Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679.

In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

**B.    Negligence Claims under the Federal Tort Claims Act**

"It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment.'" JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)). FTCA liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The United States is the only permissible defendant in an FTCA action. See 28 U.S.C. § 2679(b)(1) (the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); United States v. Smith, 499 U.S. 160, 166-67 & n. 9 (1991) (noting that § 2679(b)(2) provides two exceptions to the exclusive remedy provision, allowing injured plaintiffs to obtain "remedy for torts committed by government employees in the scope of their

employment" under Bivens or "under a federal statute that authorizes recovery against a government employee"). Therefore, a plaintiff may proceed against the United States, as the sole permissible defendant under the FTCA, and against a federal employee, under Bivens, and he may do so in the same civil action. See Denson v. United States, 574 F.3d 1318, 1336 (11th Cir. 2009) (noting that, "[a]s co-extensive causes of action, Bivens and FTCA claims necessarily arise from the same wrongful acts or omissions of a government official[,]" and analyzing viability of both sets of claims) (quoting Carlson v. Green, 446 U.S. 14, 20 (1980), for proposition that "plaintiffs, '[i]n the absence of a contrary expression from Congress, . . . shall have an action under FTCA against the United States as well as a Bivens action against the individual officials alleged to have infringed their constitutional rights'")).

### C.   Civil Rights Violations

To state a claim for relief under Bivens v. Six Unknown Fed. Narcotics Agents, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d

1279, 1283–84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support alleged constitutional violation); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into Bivens actions").

## IV.  Analysis

### A.  The Court will not construe Defendants' motion to dismiss as a motion for summary judgment

Defendants have attached to their motion to dismiss exhibits supporting their assertion that Plaintiff did not properly exhaust his FTCA medical claims (Doc. 43-1).  Ordinarily, in a *pro se* civil rights action such as this, if the defendants file a Rule 12(b)(6) motion to dismiss with supporting exhibits containing matters outside the pleadings, and the exhibits are not excluded from consideration, the motion to dismiss is converted into a motion for summary judgment. See Fed. R. Civ. P. 56 and 12(d). Plaintiff urges that because Defendants have filed documents in support of their motion to dismiss, it must now be construed as a motion for summary judgment (Doc. 51 at 1).  Therefore, Plaintiff has attached numerous documents of his own to his response. Id. at 9-31.

The Eleventh Circuit recognizes that a defense of failure to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement, Bryant v. Rich, 530

F.3d 1368, 1374 (11th Cir. 2008), meaning that procedurally the defense is treated "like a defense for lack of jurisdiction," although it is not a jurisdictional matter. Id. at 1374.[2] "[I]t is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376 (footnotes omitted).

Here, the facts relating to whether Plaintiff exhausted his administrative remedies do not bear on the merits of his other claims. Also, Plaintiff has had sufficient opportunity to develop (and did develop) a record on this issue. Accordingly, this Court will consider the pleadings submitted by both sides relating to the issue of exhaustion. However, because the Court declines to convert the instant motion to dismiss into a motion for summary judgment, it will not consider any attached documents that do not relate to the issue of exhaustion.

**B.   Plaintiff's FTCA claims based upon medical negligence are dismissed as unexhausted**

Title 42 U.S.C. § 1997e(a) provides that

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

---

[2] Unlike the exhaustion requirement of the PLRA, exhaustion under the FTCA *is* a jurisdictional requirement. See Chapman v. U.S. Postal Serv., 442 F. App'x 480, 485 (11th Cir. 2011) ("[T]he failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction.").

> correctional    facility    until    such
> administrative remedies as are available are
> exhausted.

Id.  Administrative exhaustion under the FTCA requires an inmate

to submit written notification of the incident to the federal

agency responsible for the activities giving rise to the claim.

Specifically, 28 U.S.C. § 2675(a) provides that a claimant may not

bring an FTCA action against the United States "unless the claimant

shall have first presented the claim to the appropriate Federal

agency[.]" 28 U.S.C. § 2675(a).  To sufficiently meet § 2675(a)'s

requirement of giving notice to the appropriate federal agency, a

claimant must: (1) give the appropriate agency written notice of

his or her claim sufficient to enable the agency to investigate;

and (2) place a value on his or her claim. Burchfield v. United

States, 168 F.3d 1252, 1255 (11th Cir. 1999).  If the plaintiff

has not satisfied those requirements, the district court lacks

jurisdiction over the FTCA claim. Id. at 1254–55.

    Here, the United States concedes that Plaintiff has filed

numerous administrative tort claims, but argues that "he has failed

to file any claims relating to the medical care he received in

connection with his forehead injury at issue here." (Doc. 43 at

12).  Defendants state that the only administrative tort claim

relevant to this lawsuit is Number TRT-SER-2012-06264 ("Number

6264") in which Plaintiff claims that he was kicked in the forehead

by his cellmate due to staff negligence. Id.  In that claim,

Plaintiff does not implicate the quality of medical care he received (Doc. 43-1 at 22).  On January 28, 2013, Number 6264 was denied on the basis that there was no "evidence to indicate that [Plaintiff had] sustained a compensable injury or loss caused by the negligent or wrongful act or omission of any Bureau of Prisons employee acting within the scope of his or her employment." (Doc. 43-1 at 23).

Plaintiff asserts that Number 6264 exhausted his medical claims because on April 5, 2013, he sought rehearing of its rejection (Doc. 51).  In his request for rehearing, Plaintiff argued that he had sought, and received, medical care showing that he had a "1/2 inch round contusion to the left forehead". Id.  He noted in his request that he had an appointment to consult with Defendant Carver. Id.  Upon review of the request for rehearing, it is clear that Plaintiff did not implicate the *quality* of the medical care he received from any defendant – rather, he argued that the small bruise on his forehead should qualify as a compensable injury and sought reconsideration of the denial of Number 6264. Id.

Taking Plaintiff's version of the facts as true, he failed to utilize the BOP's grievance procedure to notify them of his FTCA tort claims relating to the denial of proper medical care. Accordingly, Plaintiff's FTCA medical negligence claims are

dismissed without prejudice for failure to exhaust his administrative remedies. 28 U.S.C. § 2675(a); 42 U.S.C. § 1997e(a).

**C.   Plaintiff has exhausted his other FTCA negligence claim**

Plaintiff seeks compensatory and punitive damages based upon the government's negligence in placing him in a cell with Walters (Doc. 19).   On September 12, 2012, Plaintiff filed administrative tort claim Number 6264 alleging that he was kicked in the head by his cellmate due to staff negligence (Doc. 43-1 at 20).   The claim was denied on January 28, 2013. Id. at 23. Accordingly, this negligence claim was properly exhausted and will not be dismissed. See discussion, Doc. 6 at 13-16.

However, Plaintiff may not receive punitive damages on an FTCA claim.   28 U.S.C. § 2674 (In an FTCA action, "The United States . . . shall not be liable for interest prior to judgment or for punitive damages.").   Accordingly, Plaintiff's request for punitive damages based on his FTCA claim is dismissed.

**D.   Plaintiff has stated Bivens claims against Defendants Story, Carver, and Cacho**

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a plaintiff's health or safety. Estelle v. Gamble, 429 U.S. 97, 97 (1976).   To state a claim of deliberate indifference, a plaintiff must allege: (1) a serious medical need; (2) deliberate indifference to that need by the defendants; and (3) causation between the defendants' indifference

and the plaintiff's injury. <u>Youmans v. Gagnon</u>, 626 F.3d 557, 563 (11th Cir. 2010).

> **1.    *Plaintiff has alleged sufficient facts to support a conclusion that he suffers from a serious medical need***

The seriousness of a medical need is an objective inquiry. <u>Kelley v. Hicks</u>, 400 F.3d 1282, 1284 (11th Cir. 2005).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition. In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm.

<u>Mann v. Taser Int'l, Inc.</u>, 588 F.3d 1291, 1307 (11th Cir. 2009) (internal citations and quotation marks omitted).

Plaintiff does not elaborate on the nature of his serious medical need other than to assert that he initially suffered from a 1/2 inch bruise and now has a painful lump on his forehead that will not go away. Generally, other courts addressing bruises and lacerations have concluded that they do *not* constitute an objectively serious medical need. See <u>Brock v. Sparkman</u>, 101 F. App'x 430, 431 (5th Cir. 2004) (prisoner who had bumps and bruises from hitting his head on the top bunk did not show cognizable injury); <u>Trejo v. Gomez</u>, No. C-92-4484 EFL, 1996 WL 506910 (N.D. Cal. Aug. 16, 1996) (bruises and contusions not a serious medical

need); Benitez v. Locastro, No. 9:04-CV-423, 2010 WL 419999, at *7 (N.D.N.Y. Jan. 29, 2010) (bruises and a laceration not serious medical conditions); Willacy v. County of Brevard, No. 04-cv-1666-Orl-18DAB, 2007 WL 1017657, at *9 (M.D. Fla. Mar. 30, 2007) (inmate who alleged that he suffered numerous lacerations, contusions, bruising and burning sensation in his eyes after being attacked by another inmate, failed to assert a serious medical need).

However, each of these cases was decided at the summary judgment stage, and the district court was presented with medical evidence regarding the plaintiff's condition.  While a small contusion or lump is clearly not always a serious medical need, Plaintiff was treated for the condition and was initially prescribed pain medication. At this stage of the litigation, Plaintiff need only allege factual allegations that allow the Court to draw a reasonable inference that he suffered from a serious medical need. See Iqbal, 556 U.S. at 679.  Based on this, the Court concludes that Plaintiff has alleged sufficient plausible facts to infer that he suffers from an objectively serious medical need. See, e.g., Bismark v. Lang, Case No. 2:02-cv-556-FtM-29SPC, 2006 WL 1119189, at *15 (M.D. Fla. Apr. 26, 2006) (recognizing that while the plaintiff's foot conditions of hammer toes and high arches were not the type of ailments that always constituted a serious medical condition, the plaintiff had sufficiently alleged a serious medical condition in his particular situation).

Moreover, Plaintiff asserts that his pain medication has been discontinued without explanation. Pain due to the withholding of medication can also constitute a serious medical need. See West v. Millen, 79 F. App'x 190, 193 (7th Cir. 2003); discussion infra Part IV(D)(2).

### 2. Plaintiff has alleged sufficient facts to state a claim for deliberate indifference

The next step requires a consideration of the subjective component: whether the defendants were deliberately indifferent to Plaintiff's serious medical need. The Supreme Court has cautioned that not every allegation of inadequate medical treatment states a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 105, 106 (1976). "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Id. at 106–07. Only acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need can offend "evolving standards of decency" in violation of the Eighth Amendment. Id. In order to prove that a defendant acted with deliberate indifference, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

A prisoner is not entitled to the treatment of his choice. That Plaintiff would have preferred a "CT scan" or an x-ray over the physical exams he actually received from the medical staff at Coleman certainly does not state a deliberate indifference claim. See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although Hamm may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."). Moreover, Plaintiff has not alleged that he actually has an internal brain injury or that the lump on his forehead was caused by or made worse by Defendants' failure to provide him with a CT scan or an x-ray.

However, Plaintiff asserts that he still suffers pain from his forehead lump and that his pain medication has been discontinued by Defendants without explanation.  The deliberate withholding of pain medication can rise to the level of a deliberate indifference claim. See, e.g., Murphy v. Walker, 51 F.3d 714, 719 (7th Cir. 1995) (prisoner suffering severe pain after head injury who was told by guard to "stop being a baby" and learn to live with the pain was entitled to go forward with a deliberate indifference claim against that guard); McElligott v. Foley, 182

F.3d 1248, 1257 (11th Cir. 1999)(" A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness.").

Because clearly established law provides that a defendant's failure to treat a prisoner's pain violates the constitution, Defendants are not entitled to qualified immunity on Plaintiff's deliberate indifference claim at this stage of the proceedings.

**V.   Conclusion**

It is hereby **ORDERED and ADJUDGED**:

1.   Defendants' motion to dismiss Plaintiff's Second Amended Complaint (Doc. 43) is **GRANTED IN PART** and **DENIED IN PART.**

2.   Plaintiff's FTCA medical negligence claims are **DISMISSED** because Plaintiff did not exhaust his administrative remedies.

3.   Plaintiff's FTCA claim for punitive damages is **DISMISSED.**

4.   Defendants shall file an answer within **TWENTY-ONE (21) DAYS** from the date on this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___8th___ day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

- 18 -

```
SA: OrlP-4
Copies: James R. Young
Counsel of Record
```